**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SCOPE LEASING, INC. an Ohio Corporation,**

    **Plaintiff,**

v.                                            **CASE NO.: 8:15-cv-2062-T-17AEP**

**CLEARWATER AVIATION, INC., a**
**Florida Corporation, AIR AMERICA**
**FLIGHT SERVICES, INC., a Florida**
**Corporation, STEPHEN G. FOX, an**
**individual, and AVION SALES, LLC, a**
**Florida Limited Liability Company,**

    **Defendant.**

_____/

## ORDER

This cause comes before the Court on Defendants Clearwater Aviation, Inc., Air America Flight Services, Inc., and Stephen G. Fox's Motion to Quash Service of Process with Included Memorandum of Legal Authority ("Motion") (Dkt. No. 32) and Plaintiff's response thereto ("Response") (Dkt. No. 34).[1] Upon review of the Motion and Response, the Motion is DENIED.

### I. Background

This action arises from Plaintiff's suit to determine the validity, extent, and priority of Aviation's Claim of Lien, if any, on a specific aircraft – 1980 DASSAULT-BREGUET Falcon 50, SIN 20, FAA Registration N590RA – and its technical manuals, maintenance records, engines, components and other technical data (collectively referred to as the "Aircraft"), to recover the Aircraft wrongfully withheld by Aviation, and, to recover damages resulting from Aviation's,

---

[1] Currently also pending before the Court, but not before the undersigned, is Plaintiff's motion for preliminary injunction (Dkt. No. 24), set for hearing on September 28, 2015.

AAFS's and Fox's fraudulent actions and their conversion of Plaintiff's Aircraft. (Dkt. No. 1.) A motion hearing was held on September 9, 2015 upon Plaintiff's Amended Motion for Temporary Restraining Order (Dkt. No. 8). (Dkt. No. 13.)

Among other items addressed at the hearing was the appearance of and representation by attorney Hunter Chamberlain ("Attorney Chamberlain"). (Tr. at 3, Dkt. No. 36.) When asked by the Court to make appearances for the record for "Clearwater Aviation, Inc., et cetera, et al," Attorney Chamberlain responded "[y]es, Your Honor." (Tr. at 3, Dkt. No. 36.) Later in the hearing, the Court again inquired as to which named-defendants Attorney Chamberlain was currently representing. (Tr. at 16, Dkt. No. 36.) In response, Attorney Chamberlain first stated that his representation was limited to Clearwater Aviation Inc., but subsequently stated that his appearance was for "both Clearwater Aviation and the Air America. . . [a]nd Mr. [Stephen] Fox individually."[2] (Tr. at 16-18, Dkt. No. 36.) Following the hearing, on September 11, 2015, Attorney Chamberlain filed notice of appearance on behalf of Clearwater Aviation, Inc. ("Clearwater Aviation"), Air America Flight Services, Inc. ("Air America"), and Stephen G. Fox ("Mr. Fox.") (collectively, "Defendants"), noting that such notice was filed "without waiving any objection to service of process herein." (Dkt. No. 29.)

---

[2] THE COURT: -- I just want to know who's been served and who you are representing. So you are telling me you are only representing Clearwater Aviation for the purpose of these proceedings today?
   MR. CHAMBERLAIN: No, Judge. I can represent both Clearwater Aviation and the Air America.
   THE COURT: What about Steven Fox?
   MR. CHAMBERLAIN: And Mr. Fox individually.
   THE COURT: What about Avion Sales?
   MR. CHAMBERLAIN: I do not represent Avion Sales. (Tr. at 17-18, Dkt. No. 36).

**II.     Analysis**

Defendants move to quash service, abate the proceedings, and further pray that rulings and orders made prior to entry of proper service be vacated and set aside. Defendants assert that proper service was not made on Clearwater Aviation and Air America under either Federal Rule of Civil Procedure 4(h) or, per Federal Rule of Civil Procedure 4(e)(1), under Fla. Stat. Ann. § 48.081. Defendants further assert that Mr. Fox was not properly served as an individual pursuant to Federal Rule of Civil Procedure 4(e) or Fla. Stat. Ann. § 48.031. Plaintiff's Response, while highlighting actual notice of the suit now exists, does not appear to maintain service was proper, but instead contends that the subject Defendants waived any objections on grounds of improper service.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Objections to service of process can be waived by the party over whom jurisdiction is sought. *Id.* (citing *Harris Corp. v. National Iranian Radio & Tele.*, 691 F.2d 1344, 1352 (11th Cir.1982)). "Under Fed.R.Civ.P. 12(h)(1), a party is deemed to have waived any objection to personal jurisdiction or service of process if the party makes a pre-answer motion under Rule 12 and fails to include such objections in that motion." *Pardazi*, 896 F.2d at 1317. The Eleventh Circuit has also "found that a party's right to dispute personal jurisdiction is waived if the party fails to assert that objection in its other responsive pleading or general appearance." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1218 n.21 (11th Cir. 2009); *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003); *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159 (5th Cir. 1976) (discussing waiver by voluntary appearance). A party may also waive the right through conduct. *See Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 854 (11th Cir. 2010) (noting that a defendant may waive a personal jurisdiction defense if he

or she has entered an appearance or was involved in overt wrongdoing to deceive the court and avoid service of process); *see also* 5C Fed. Prac. & Proc. Civ. § 1391 (3d ed.) ("[A] party can be held to have waived a defense listed in Rule 12(h)(1) through conduct, such as extensive participation in the discovery process or other aspects of the litigation of the case even if the literal requirements of Rule 12(h)(1) have been met."). Failure to raise a defense of lack of personal jurisdiction at the appropriate time is deemed to have conferred personal jurisdiction on the court by consent. *Pardazi*, 896 F.2d at 1317.

Upon review of the record, the undersigned finds that Attorney Chamberlain made a general appearance on the record on behalf of the subject Defendants on September 9, 2015. (*See* Tr. 2, 16-18, Dkt. No. 36.) Not only did Attorney Chamberlain respond in the affirmative when asked whether he was counsel for Clearwater Aviation, Air America, and Mr. Fox for the purposes of the September 9, 2015 proceedings, (Tr. 16-18, Dkt. No. 36), but Attorney Chamberlain also answered in the affirmative when the Court initially asked for appearances on behalf of "Clearwater Aviation, Inc., et cetera, et al, Hunter Chamberlain." (Tr. at 3, Dkt. No. 36.) The Court is aware of no authority allowing Attorney Chamberlain's subsequent notice of appearance to remove or otherwise circumscribe his initial appearance in this case. Accordingly, Defendants right to object on grounds of insufficient service of process is waived. *See Oldfield*, 558 F.3d at 1218 n.21; *Pardazi*, 896 F.2d at 1317.

Moreover, while actual notice does not abrogate the service of process requirements of Federal Rule of Civil Procedure 4, it is clear from the affidavits submitted by Defendants that each Defendant is now on actual notice of the proceedings. Indeed, two of the affidavits even address the merits of Plaintiff's Complaint. (*See* Dkt. Nos. 32-2, 32-3.) At this juncture, the only prejudice to the Defendants the undersigned can foresee is that Defendants will have lost an avenue by which

to relieve themselves of the Court's temporary restraining Order. (Dkt. Nos. 11, 15.) To require Plaintiff to re-serve Defendants in this action would needlessly delay these proceedings, increase their cost, and put at risk interests protected by the Court's temporary restraining Order. *See* FED. R. CIV. P. 1 ("[The Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). The undersigned agrees with Plaintiff in that such a delay would not comport with the spirit and policies imbedded in Rule 4 or Rule 12, Federal Rules Civil Procedure.

### III. Conclusion

Accordingly, for the foregoing reasons, it is hereby

ORDERED:

Defendants' Motion (Dkt. No. 32) is DENIED.

**DONE AND ORDERED** at Tampa, Florida this 26th day of September, 2015.

ANTHONY E. PORCELLI
United States Magistrate Judge

Copies furnished to:
Counsel of Record